FREDERICKA HOMBERG WICKER, Judge.
|2In this slip-and-fall suit, plaintiffs appeal the trial court’s judgment granting summary judgment in favor of defendant-merchant. For the following reasons, we find- the trial court properly determined that plaintiffs have failed to meet their burden to prove the defendant either created, or had actual or constructive notice of, the alleged unreasonably dangerous condition as required under La. R.S. 9:2800.6 and, thus, summary judgment was appropriate under the facts of this case. Accordingly, we affirm.

FACTUAL AND PROCEDURAL HISTORY

On July 26, 2012, plaintiffs, Terry Collins and his'wife, Lainie Collins, filed suit against defendant, The Home Depot, U.S.A., Inc. (hereinafter “Home Depot”) for damages arising out of a February 14, 2012, slip-and-fall accident at the Home Depot store located in Gretna, Louisiana.[1] Plaintiffs allege that Mr. Collins slipped and fell on a liquid substance on the floor while walking down one of the store’s lumber aisles.
^Preliminary discovery revealed that on the day of the accident, maintenance workers employed by ISS Facility Services, Inc. (hereinafter “ISS”) were operating a floor cleaning machine in the vicinity of Mr. Collins’s accident pursuant to a Maintenance Services Agreement in effect between ISS and Home Depot. On June 25, 2014, plaintiffs amended' their petition to join ISS as an additional defendant.
On July 25, 2014, Home Depot filed a motion for summary judgment asserting that plaintiffs could not satisfy their burden of proof under La. R.S. 9:2800.6. Spe- *327 cifícally, Home Depot argued that plaintiffs could not prove that Home Depot either created, or had actual or constructive notice of, the liquid substance that plaintiffs allege caused Mr. Collins to slip.
In support of its motion, for summary-judgment, Home Depot attached plaintiffs’ original petition for damages naming Home Depot as defendant. Home Dépot also attached a portion of plaintiff Terry Collins’s deposition transcript. In the attached portion of Mr. Collins’s deposition, he testified that he visited the aisle where he fell twice with no more than thirty minutes elapsing between the two visits. Mr. Collins testified that during his second trip to the aisle he fell on liquid streaks that he believed were caused by a floor cleaning machine operated by maintenance workers at the end of the aisle. Mr. Collins further testified that he had not witnessed the workers operating the floor cleaning' machine during his first visit to the aisle.
Home Depot also attached the affidavit of Christine LaBombard, a senior manager with Home Depot, to which was annexed the Maintenance Services Agreement between ISS and Home Depot. In her affidavit, Ms. LaBombard averred that- the Maintenance Services Agreement was in effect on the date of Mr. Collins’s accident, and pursuant to the contract ISS was responsible for providing |4equipment and labor to perform floor cleaning services at the Gretna Home Depot. Ms. LaBombard further averred that Home Depot paid ISS a fixed fee for janitorial services, ISS paid ISS employees for work performed at Home Depot and were not on Home Depot’s payroll, Home Depot did not have authority to control the manner in- which ISS employees performed maintenance work, and that an ISS employee cleaned the sales floor at the Gretna Home Depot on the day of the accident using a floor cleaning machine which Home Depot did not own.
Home Depot’s last attachment in support of its motion for summary judgment was an affidavit from James Barger, an Assistant Store Manager on duty at the Gretna Home Depot on the day of the accident. Mr. Barger averred that he arrived at the scene of the accident within minutes of it occurring and did not see any liquid or other foreign substances on the floor. Mr. Barger stated that on the day of the accident an ISS employee cleaned the floor with a floor cleaning machine and no Home Depot employees used a floor cleaning machine on that day. Mr. Barger further swore that; he was aware of no other customer complaints regarding streaks of water left on the floor by a floor cleaning‘machine on the day of the accident or at any time during the prior three years that those machines had been in use in the store. Mr. Barger further attested that -there had been no reported accidents involving streaks of water left by floor cleaning machines other than the one reported by Mr. Collins.
In opposition to Home Depot’s motion for summary judgment, plaintiffs attached Terry Collins’s full deposition transcript and photos of Mr. Collins on the Home Depot floor after his fall. Plaintiffs pointed to certain portions of Mr. Collins’s deposition testimony! including those portions attached to Home Depot’s motion for summary judgment, wherein" he 'testified that he had first visited the aisíe where the accident occurred approximately twenty-five minutes prior to: | ^returning and slipping on liquid streaks on the floor. Mr. Collins testified that he had not noticed any cleaning crews during his first visit to the aisle, but after falling,‘ he witnessed maintenance workers at the far end of the aisle operating a floor cleaning machine which appeared to have caused the liquid *328 streaks on the floor. Mr..Collins further testified that there were no “wet floor” signs in the area, nor was the area blocked or taped, off, and that after his fall only Home Depot employees assisted him and he never spoke with any ISS employees.
Plaintiffs also attached to their opposition the Maintenance Services Agreement between Home Depot and ISS, ISS’s responses to plaintiffs’ interrogatories, and ISS’s responses to plaintiffs’ requests for production of -documents, which included an internal ISS memorandum regarding security and conduct rules for ISS employ-; ees, an ISS maintenance schedule and employee timesheet, as well as Elizabeth M. Gaudin’s affidavit averring to her competency to testify regarding the documents produced by ISS.
In their opposition memorandum, plaintiffs focused on a provision of the Maintenance Services Agreement which required ISS to comply with -all Home Depot policies and procedures and to attend training regarding those policies and procedures at Home Depot’s request. Plaintiffs also highlighted the discovery responses wherein ISS stated that it was in possession of no materials outlining or describing Home Depot’s. safety policies and procedures and that the ISS employee operating the floor cleaning, machine on the day of the accident received .no instruction or training from Home Depot regarding in-store safety policies and procedures. Lastly, plaintiffs .pointed out that the attached copy of ISS Employee Rules of Conduct contained no guidelines regarding cleaning in Home Depot stores nor operate ing, the floor cleaning machine.
|fiOn December 15, 2014, after a hearing on • the matter, the trial court granted Home Depot’s, motion for summary judgment, dismissing all claims against Home Depot .with prejudice. The trial judge orally recited reasons for judgment, «finding that ISS was an independent contractor, and thus Home Depot did not create the alleged dangerous condition, and that plaintiffs had failed to prove tliat Home Depot had.actual or constructive notice of the alleged, dangerous condition. Thus, plaintiffs failed to meet, their burden under La. R.S. 9:2800.6. This timely appeal follows.

DISCUSSION

Standard of Review

Appellate courts -review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Prince v. K-Mart Corp., 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248; Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 547. A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2).
The .summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Trench v. Winn-Dixie Montgomery LLC, 14-152 (La.App. 5 Cir. 9/24/14), 150 So.3d 472, 475. The party moving for summary judgment bears the burden of-proof. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the movant’s burden on a motion for - summary | judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence--of factual support for one or more elements essential to the claim. Id.; Patrick v. Iberia Bank, 05-783 (La.App. 5 *329 Cir. 3/14/06), 926 So.2d 632, 634. Thereafter, if the adverse party fails to produce factual support sufficient to establish- that she will be able to satisfy her evidentiary burden at trial, there is no genuine issue- of material fact and summary judgment should be granted. La. C.C.P. art. 966(C)(2).

Slip-andr-Fall

In a slip-and-fall case against "a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6. Sheffie v. Wal-Mart La. LLC, 13-792 (La.App. 5 Cir. 2/26/14), 134 So.3d 80, 83-84, writ denied, 14-0881 (La.6/20/14), 141 So.3d 813; White v. Wal-Mart Stores, Inc., 97-393 (La.9/9/97), 699 So.2d 1081, 1082.
La. R.S. 9:2800.6 provides, in relevant part:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the ;burden of proving, in addition to all other elements of his cause of action, all. of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or . safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
Because a plaintiff must prove ■ each - of these elements, the failure to prove any element is fatal to -the plaintiffs cause of action. Trench, 150 So.3d at 476; White, 699 So.2d at 1086.
Is Whether,Home Depot Created the Condition
Plaintiffs first argue that-the trial court erred in finding that Home Depot did not create the condition.causing Mr. Collins’s damage. ' Specifically, plaintiffs contend that a genuine issue of material fact exists as to whether .the ISS employees performing maintenance services within >Home Depot were independent contractors or were acting, as employees of Home Depot whose negligence must be imputed to Home Depot under the doctrine of vicarious liability.[2]
The concept of vicarious liability is codified in La. C.C. art. 2320, which provides that employers are responsible for the damage caused by their employees in the exercise of the functions for which they are- employed. Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994, 996. However, a principal is generally not vicariously liable for the negligence of an independent contractor. Angle v. Dow, 08-224 (La.App. 5 Cir. 08/19/08), 994 So.2d 46, 48; Arroyo v. East Jefferson General Hospital, 06-799- (La.App. 5 Cir. 3/13/07), 956 So.2d 661, writ denied, 07-784 (La.6/1/07), 957 So.2d 179.
The distinction between employee and independent contractor status is a factual determination to be decided on a *330 case-by-case basis. Tower Credit, Inc. v. Carpenter, 01-2875 (La.9/4/02), 825 So.2d 1125, 1129. In determining whether an independent contractor relationship exists, courts must consider the following factors: (1) whether there is a valid contract between the parties; (2) whether the work being done is of an independent nature, such that the contractor may employ a non-exclusive means in accomplishing it; (3) whether the contract calls for specific piecework as a unit to be done according to the independent contractor’s own methods, without being subject to control and direction of the principal, except as to the result of the services rendered; (4) whether there is a specific price 19for the overall undertaking agreed upon; and (5) whether the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Hickman v. Southern Pacific Transport Company, 262 So.2d 385, 290-91 (La.1972); Honeycutt v. Deutschmann, 07-211 (La.App. 5 Cir. 1/22/08), 976 So.2d 753, 754, writ denied, 08-406 (La.4/18/08), 978 So.2d 338.
Vicarious liability mandates strict construction. Roberts v. State, 404 So.2d 1221, 1225 (La.1981). The Louisiana Supreme Court has stated that the single most important factor to consider in determining whether the employer-employee relationship exists for the purposes of vicarious liability is the right of the employer to control the work of the employee. Id.; Doe v. Parauka, 98-2434 (La.7/8/98), 714 So.2d 701, 704.
The Louisiana Supreme Court recently analyzed the concept of operational control in a case bearing a strong resemblance to the facts under review. Thompson v. Winn-Dixie Montgomery, Inc., et al., 15-477 (La.10/14/15), 181 So.3d 656, 2015 WL 5972562. In Thompson, the court reversed an appellate court’s finding that a defendant-merchant maintained sufficient control over a third-party floor care contractor’s employee, who was working in the merchant’s store on the day of a customer’s slip-and-fall accident, to render the merchant vicariously liable for that employee’s negligence. Id. at p. 12. The Thompson court found that the negligent employee was hired, trained, and supervised by the third-party contractor and was permitted to move about the merchant’s store freely and without any supervision or accompaniment by the merchant’s employees while performing her work. Id. Communications regarding the third-party employee’s performance were conveyed through the management of the merchant and the third-party contractor, rather than directly to the third-party employee. Id. The third-party contractor, and not the 110merchant, paid its employee and provided all of the' necessary equipment and materials. Id. Lastly, the court found that the court of appeal placed undue emphasis on the fact that the merchant contractually dictated working hours, employee attire,' equipment used, and detailed descriptions of the work to be performed, while ignoring contractual language providing that the third-party contractor was an independent contractor and that the contractor had sole authority to direct and control its personnel. Id. at p. 13. The court reasoned that these facts did not amount to the requisite level of operational control necessary to vitiate the merchant’s independent contractor defense to liability. Id.
Applying the Hickman factors, and the relevant factual similarities of the Thompson case, to the instant case, we find that the depositions and affidavits attached in support of Home Depot’s motion for summary judgment presented prima facie evidence that Home Depot did not *331 reserve sufficient control over ISS employees to render Home Depot vicariously liable for the negligence of ISS employees. The affidavit of Christine LaBombard and the maintenance services agreement attached thereto establish the existence of a contract between Home Depot and ISS on the day in question. Under this contract Home Depot called for ISS to perform specific maintenance services but imposed no particular means to accomplish those tasks. The contract did not subject ISS employees to the control and direction of Home Depot. Instead, the contract required Home Depot to issue work orders to ISS, and in turn the contract required ISS to provide the materials, equipment, tools, and labor necessary to perform the services requested within the work orders. Ms. LaBombard’s affidavit established that Home Depot paid ISS a fixed fee in accordance with a schedule determined by prior agreement by Home Depot and ISS, and that ISS employees were not on Home Depot’s payroll. Most importantly, Ms. LaBombard’s affidavit, and the maintenance services agreement | n provide prima facie evidence that Home Depot did not have the authority to control the work of ISS employees within Home Depot stores nor did Home Depot exercise supervision of ISS employees while they worked in Home Depot stores.-
Turning to plaintiffs’ opposition' to Home Depot’s motion for summary judgment, we find that the evidence submitted in support thereof failed to rebut Home Depot’s prima facie showing that Home Depot did not create the alleged dangerous condition. In their opposition memorandum, plaintiffs pointed to the maintenance services agreement and argued that the “safety provision,” which required ISS to comply with Home Depot’s policies and procedures and attend Home Depot policy and procedure training at Home Depot’s request, was sufficient to create a genuine issue of material fact as to whether Home Depot exercised sufficient control to vitiate the independent contractor status of ISS -employees. ' Plaintiffs also cited to Mr.' Collins’s deposition testimony that ;only Home Depot employees-investigated his accident as evidence that Home Depot retained operational control of their premises, which plaintiffs claim vitiates Home Depot’s independent contractor defense.
It is well-settled that “[a] contractual clause requiring a contractor to comply with the owner’s safety rules does not signify the requisite right of operational control necessary to vitiate the independent contractor relationship.” Davenport v. Amax Nickel, Inc., 569 So.2d 23, 28 (La.App. 4 Cir.1990), writ denied, 572 So.2d 68; Triplette v. Exxon Corp., 554 So.2d 1361, 1363 (La.App. 1, Cir.1989). Therefore the safety provision of the contract does not rebut Home Depot’s prima facie showing that ISS employees are independent contractors. Moreover, plaintiffs’ argument that Home Depot’s control over its premises vitiates the independent contractor defense is unfounded. The relevant inquiry turns on Home Depot’s control over ISS employees, rather than Home Depot’s control over their | iaown premises. Accordingly, we find no error in the trial court’s finding that ISS employees were independent contractors of Home Depot, and thus Home Depot did not create the alleged dangerous condition.

Whether .Home Depot had Constructive Notice of the Condition

‘Plaintiffs argue alternatively that Home Depot is liable under La. R.S. 9:2800.6, because the liquid streaks that caused Mr. Collins’s fall were present for a sufficient time to give Home Depot constructive notice of the hazardous condition.
*332 Absent proof that a merchant-defendant , either created the condition causing1 damage or had actual knowledge of that condition, La. R.S. 9:2800.6 requires a plaintiff .to prove that a merchant-defendant had constructive notice of the hazardous condition.[3] Constructive notice means that the condition existed for such a period. of time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. 9:2800.6(0(1); Sheffie, 134 So.3d at 84. To carry, his burden of proving this temporal element required under La. R.S. 9:2800.6(B)(2), a plaintiff must present “positive evidence” of the existence of the condition prior to the accident. Id.; Bennette v. Bros. Avondale, L.L.C., 15-37, p. 6 (La.App. 5 Cir.05/14/15), 170 So.3d 1179. Though there is no brightline time period, a plaintiff must show that “the condition existed for such a period of time ...” and that the defendant should have noticed the defe'ct in exercising reasonable care. Burns v. Sedgwick Claims Mgmt. Servs., 14-421 (La.App. 5 Cir. 11/25/14); 165 So.3d 147, 153 (citing White, 699 So.2d at 1084). Unsupported speculation and conclusory allegations will not "satisfy a plaintiff’s burden of proof. Trench, 150 So.3d at 476.
[ wIn support of its motion for summary judgment, Home Depot pointed to the absence of any positive evidence establishing the length of time the liquid streaks were present on the floor before Mr. Collins’s fall. Home Depot pointed out that Mr. Collins’s testimony merely established a maximum amount of time the alleged dangerous condition could have been present, but this did not constitute positive evidence establishing the length of time the alleged dangerous .condition was present on the floor prior to his fall. Home Depot also attached the affidavit of Home Depot assistant manager. James Barger who stated that he was not aware of any. customer complaints regarding liquid streaks on the floor either before or after Mr. Collins’s fall, nor had any Home Depot employees informed him of .any such problem in the prior three years, during which the floor cleaning machine had been in regular use in the store.
In opposition to the motion for summary judgment, plaintiffs failed to provide any evidence in support of their claim that the liquid streaks were oh the floor for a sufficient time to give Home Depot constructive notice of the condition. Rather, plaintiffs argued that Mr. Collins’s testimony as to the length of time between his two trips to the aisle provide positive evidence of the length of time the alleged dangerous condition was present there. Plaintiffs sug-. gest that this is sufficient evidence of Home Depot’s constructive notice of the condition to satisfy their burden of proof at trial under La. R.S. 9:2800.6.
-, Upon a de novo review of the record, we find that Home Depot successfully pointed out the absence of evidentiary support for plaintiffs’ claim that Home Depot had constructive notice of the presence of liquid on the aisle floor. We further find that plaintiffs’ claim that the liquid was present on the floor for the entire time between Mr. Collins’s two-trips to the aisle is purely speculative. Accordingly, we .agree with the trial court’s finding that the plaintiffs failed to |14satisfy their burden of proof on the issue, of constructive notice under La. R.S. 9:2800.6.

CONCLUSION

Upon review of the record in this matter, we find that Home Depot, in its motion for summary judgment, pointed out an absence of factual support for one element *333 of plaintiffs’ claims, i.e., that Home Depot either created or had actual or constructive notice of the alleged hazardous condition as required under La. R.S. 9:280Q.6. Thereafter, plaintiffs, failed to put forth any evidence to demonstrate that they would be able to satisfy their evidentiary burden at trial. Therefore, we -find that the trial court was correct in granting Home Depot’s motion for summary judgment.
For the reasons provided herein, the trial court’s judgment is affirmed.

AFFIRMED.

. Plaintiffs prayed for general damages suffered by Terry Collins as a result of the slip- and-fall and for the resulting loss of consortium damages suffered by his wife, Lainife Collins.

. Plaintiffs do not allege that Home Depot employees created the alleged dangerous Condition, therefore, we do not address fhat issue.

. Plaintiffs do not contend that Home Depot . had actual knowledge of.the alleged hazardous condition in this case. Therefore we do not address that issue.