CHEHARDY, C.J.
Plaintiffs, Javier Ocampo and Dennis Ordoñez, appeal the 24th Judicial District Court's judgments of April 28, 2016 and January 23, 2017. For the reasons that follow, we affirm the judgment of April 28, 2016, amend in part the judgment of January 23, 2017, and affirm that judgment as amended.
FACTUAL AND PROCEDURAL HISTORY
Nicole Maronge is the sole owner and manager of La Maison Renovations, LLC. On February 17, 2014, La Maison contracted with Truly Noble Services, Inc. to perform a renovation on a residential property in Napoleonville, Louisiana. Seeking laborers, on February 21, 2014, Ms. Maronge sent a text message to Dennis Ordoñez, asking if he and his friend, Javier Ocampo, were interested in some painting work, explaining that she needed three laborers to paint at the Napoleonville property.[1] Mr. Ordoñez and Mr. *631 Ocampo had done work for Ms. Maronge in the past and agreed to do this job.
Plaintiffs arrived to the jobsite on Tuesday, February 25, 2014, where Ms. Maronge informed them of their tasks and advised them that the job needed to be completed by Friday, February 28. At trial, however, both Mr. Ordoñez and Mr. Ocampo testified that they were not informed of a deadline. A discussion was held later that day via text messages regarding plaintiffs' compensation. Ms. Maronge offered $15 per hour and plaintiffs countered with $17 per hour. Ms. Maronge agreed to pay for the cost of plaintiffs' gasoline, but there was no further discussion regarding the hourly rate. At trial, Ms. Maronge testified that she believed the agreement was $15 per hour plus the cost of gas, while plaintiffs explained they thought they would be paid $17 per hour plus the cost of gas.
Ms. Maronge supplied materials, including sheetrock, paint, primer, caulk, tape, spackling, and other similar items. Plaintiffs supplied their own tools, such as brushes, rollers, buckets, and drop cloths. Ms. Maronge provided a ladder.
Plaintiffs explained the job was more than just painting. They ripped up a wood floor in the house on the first day and continued with demolition work in the garage on the second day. They did not start painting until Thursday. By the end of Friday, they were not finished and informed Ms. Maronge that they could finish by Sunday, March 2 if they brought in a third guy. She agreed. With this additional help, plaintiffs worked over the weekend, and when they left on Sunday, only the trim remained to be painted. They were on their way back to the job on Monday but did not make it because of car trouble. This forced Ms. Maronge to hire other laborers to finish the job.
On Tuesday, March 4, Mr. Ordoñez sent Ms. Maronge a text message asking to be paid. In a message on Friday, March 7, she responded that she could not pay them until she was paid by Truly Noble.
After repeated failed attempts to get paid, on May 1, 2014, plaintiffs, with the assistance of the Loyola Law Clinic, sent a demand letter to Ms. Maronge, each seeking payment for 51 hours worked at $17 per hour. Still unable to resolve the dispute, on April 1, 2015, plaintiffs filed a "Rule to Show Cause Why Wages Should be Paid" in the 24th Judicial District Court pursuant to the Louisiana Wage Payment Act, La. R.S. 23:631, et seq. In this pleading, plaintiffs alleged that each had worked a total of 62 hours and were entitled to $17 per hour. In addition to unpaid wages, they also sought penalties and attorneys' fees under the law. In Ms. Maronge's answer, she maintained that each plaintiff had worked a total of 45 hours at a rate of $15 per hour.
After discovery, on December 20, 2015, plaintiffs filed a motion for partial summary judgment, seeking a finding as a matter of law that plaintiffs were employees of Ms. Maronge, and not independent contractors.
Meanwhile, on March 2, 2016, Ms. Maronge filed a "Motion to Place Funds in the Registry of the Court," in which she asserted that she had finally received payment from Truly Noble in connection with the work performed at the Napoleonville property. She explained that she had attempted to pay each plaintiff $867, accounting for plaintiffs' claims of unpaid wages for 51 hours of work at $17 per hour. Plaintiffs rejected this offer and Ms. Maronge deposited $1,734 in the registry *632 of the court to be released upon final judgment.
After a March 28, 2016 hearing on plaintiffs' motion for partial summary judgment, the court issued its judgment on April 28, 2016 denying plaintiffs' motion. The matter proceeded to trial on January 4, 2017. The court issued its judgment on January 23, 2017, finding plaintiffs to be independent contractors and awarding them $1,734, plus interest from date of judicial demand, all costs of the proceedings, and attorneys' fees. The court's written reasons followed on February 10, 2017. Plaintiffs' appeal timely followed.
DISCUSSION
On appeal, plaintiffs assign four errors: (1) the district court erred in its March 28, 2016 denial of plaintiffs' motion for partial summary judgment; (2) the district court erred in its January 23, 2017 judgment by finding plaintiffs independent contractors; (3) the district court erred in addressing the issue of penalty wages; and (4) the district court erred in finding plaintiffs were entitled to attorneys' fees.
Assignment of Error One
In plaintiffs' first assignment of error, they argue that the district court erred in denying their motion for partial summary judgment, in which they alleged there were no genuine issues of material fact as to their status as employees, rather than independent contractors.
Our standard of review for a judgment granting or denying a motion for summary judgment is de novo. Boutin v. Roman Catholic Church of the Diocese of Baton Rouge , 2014-0313 (La. App. 5 Cir. 10/29/14), 164 So.3d 243, 246, writ denied , 14-2495 (La. 2/13/15), 159 So.3d 469. Under this standard, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue as to material fact and whether the mover is entitled to judgment as a matter of law. See id.
Because a full trial on the merits was held after the district court's denial of plaintiffs' motion for partial summary judgment, in reviewing that ruling, we are not limited to the evidence presented in support of the motion, but consider the entire record. See Hopkins v. Am. Cyanamid Co. , 95-1088 (La. 1/16/96), 666 So.2d 615, 624.
"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). If the mover will bear the burden of proof at trial on the issue before the court in the motion, the burden of showing there is no genuine issue of material fact remains with the mover. See La. C.C.P. art. 966(D)(1). "When a motion for summary judgment is made and supported ..., an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided ..., must set forth specific facts showing that there is a genuine issue for trial." La. C.C.P. art. 967(B).
Here, plaintiffs are the movers who bear the burden of proving their employee status at trial. See Hillman v. Comm-Care, Inc. , 01-1140 (La. 1/15/02), 805 So.2d 1157, 1163 (holding the burden of proof is on the party seeking to establish an employer-employee relationship). Accordingly, in their motion for partial summary judgment, plaintiffs sought to prove that it was beyond dispute they were employees of Ms. Maronge, and not independent contractors.
The distinction between employee and independent contractor status is a factual determination to be decided on a *633 case-by-case basis. Collins v. Home Depot, U.S.A., Inc. , 15-199 (La. App. 5 Cir. 12/9/15), 182 So.3d 324, 329-30. "[T]he term independent contractor connotes a freedom of action and choice with respect to the undertaking in question and a legal responsibility on the part of the contractor in case the agreement is not fulfilled in accordance with its covenants." Hickman v. S. Pac. Transp. Co. , 262 La. 102, 262 So.2d 385, 390 (1972). In determining whether the relationship of principal and independent contractor exists, the following factors are to be considered: (1) there is a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and (5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Collins , supra at 330.
Thus, where the essence of an independent contractor is freedom of action and choice, the essence of the employer-employee relationship, by contrast, is the employer's right to control the employee. See Hillman , supra at 1162. An employee "is an integral part of his employer's business and must submit to control of his conduct and time to his employer." Ozols v. Irving , 491 So.2d 719, 721 (La. App. 4 Cir. 1986).
Accordingly, to succeed on their motion for partial summary judgment, plaintiffs were required to prove there were no genuine issues of material fact on the crucial issue of the degree of Ms. Maronge's control over plaintiffs.
Ms. Maronge testified that plaintiffs set their own schedule each day and that she did not demand they work a certain number of hours per day. She informed them of the work that needed to be done, but did not direct them how to do it. Plaintiffs supplied their own tools and techniques in performing the work. Ms. Maronge was not present on the jobsite every day, but communicated with plaintiffs via cell phone. Some days they advised her when they arrived to the jobsite, when they left, and updated her with their progress. And on the days that she did visit the jobsite, she checked their progress and ensured their work was done in a professional manner.
In light of Ms. Maronge's testimony regarding the latitude she afforded plaintiffs in their day-to-day performance of their assigned tasks, we find there were genuine issues of material fact as to her degree of control over plaintiffs. We therefore conclude that the district court did not err in denying plaintiffs' motion for partial summary judgment on their employee status.
This assignment of error is without merit.
Assignment of Error Two
In plaintiffs' second assignment of error, they argue that the district court erred in its January 23, 2017 judgment that plaintiffs were independent contractors and not employees.
We review this factual finding under the manifest error-clearly wrong standard of review. Under this standard, an appellate court will not set aside a finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Vince v. Koontz , 16-521 (La. App. 5 Cir. 2/8/17), 213 So.3d 448, 458, writ denied , *634 17-429 (La. 4/24/17), 221 So.3d 67. Thus, in order to reverse a trial court's factual findings, the appellate court must: (1) find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) determine that the record establishes the finding is clearly wrong or manifestly erroneous. Id.
The factual determination of whether plaintiffs are employees or independent contractors is guided by consideration of the aforementioned five factors. See Collins , supra. We consider each in turn.
(1) Contract
A contract is formed by the consent of the parties established through offer and acceptance. Read v. Willwoods Cmty. , 14-1475, (La. 3/17/15), 165 So.3d 883, 887. Thus, an enforceable contract requires a meeting of the minds. Id. Unless the law requires a certain formality, offer and acceptance can be made orally. Id.
Because the alleged oral contract in this case exceeds five hundred dollars, La. C.C. art. 1846 requires that the contract be proven by the testimony of "one witness and other corroborating circumstances." Read , supra at 887-888. The plaintiff himself may serve as the witness to establish the existence of the oral contract. Id. at 888. The "other corroborating circumstances" need only be general in nature; independent proof of every detail of the agreement is not required. Id. But, the other corroboration must come from a source other than the plaintiff. Id.
The existence or non-existence of a contract is a question of fact, and the trial court's determination of this issue will not be disturbed unless manifestly erroneous or clearly wrong. Read , supra. Similarly, the issue of whether there were corroborating circumstances sufficient to establish an oral contract is a question of fact. Id.
Here, the testimony of plaintiffs and Ms. Maronge, as well as the transcript of the text messages, established that plaintiffs agreed to work for Ms. Maronge for a price, though there was conflicting testimony as to what that price was. In making a credibility determination and resolving that conflicting testimony, the district court was not manifestly erroneous or clearly wrong in finding that an oral contract existed between the parties.
(2) Non-Exclusive Means
The evidence at trial established that besides being provided with materials (e.g. , paint, sheetrock, etc.) and a ladder, plaintiffs supplied their own tools and employed their own techniques in performing the work. They were not directed to perform the work by any means exclusive to Ms. Maronge or La Maison. The district court was not manifestly erroneous or clearly wrong in finding that plaintiffs employed non-exclusive means in accomplishing the work.
(3) Control
As discussed above in the first assignment of error, the evidence at trial established that Ms. Maronge exercised minimal control over plaintiffs in the performance of their tasks. Ms. Maronge did not dictate their hours worked per day, nor did she control or direct plaintiffs in their method of performing the work. She merely advised them of the work that needed to be done and plaintiffs utilized their own discretion in completing the work. Accordingly, the district court was not manifestly erroneous or clearly wrong in finding that plaintiffs were not subject to a degree of control by Ms. Maronge sufficient to establish an employer-employee relationship.
*635 (4) Price
As mentioned above, there was conflicting testimony at trial as to price. The testimony established that Ms. Maronge offered $15 per hour and plaintiffs' countered with $17 per hour. Ms. Maronge agreed to pay for the cost of plaintiffs' gasoline, but there was no further discussion regarding the hourly rate. Ms. Maronge testified that she believed the agreement was $15 per hour plus the cost of gas, while plaintiffs testified they thought they would be paid $17 per hour plus the cost of gas. The district court was not manifestly erroneous or clearly wrong in resolving this conflicting testimony by finding that the parties agreed to $15 per hour plus the cost of gas.
(5) Duration
In light of Ms. Maronge's testimony that she advised plaintiffs the work was subject to a deadline, the district court was not manifestly erroneous or clearly wrong in finding that the work was for a specific duration.
Upon consideration of the foregoing factors and the evidence adduced at trial, we find that the district court was not manifestly erroneous or clearly wrong in classifying plaintiffs as independent contractors. This assignment of error is without merit.
Assignment of Error Three
In plaintiffs' third assignment of error, they seem to argue that the district court erred in failing to award them penalty wages under La. R.S. 23:632.
La. R.S. 23:632 provides for the assessment of penalties against an employer for failure to comply with the provisions of La. R.S. 23:631 pertaining to payment of wages due at the time of discharge or termination of employment. Leftwich v. New Orleans Weddings Magazine, Inc. , 14-547 (La. App. 5 Cir. 11/25/14), 165 So.3d 916, 923. In order to recover penalties and attorneys' fees under La. R.S. 23:632, the party seeking the penalties and attorneys' fees has the burden of proving his status as an employee, as opposed to an independent contractor. See Hulbert v. Democratic State Cent. Comm. of La. , 10-1910 (La. App. 1 Cir. 6/10/11), 68 So.3d 667, 670. Plaintiffs failed to prove their status as employees and are therefore not entitled to penalties under La. R.S. 23:632. The district court did not err in declining to award plaintiffs penalties under La. R.S. 23:632.
This assignment of error is without merit.
Assignment of Error Four
In their brief to this Court, plaintiffs assign as error the district court's award of attorneys' fees, but in the argument section of the same brief, plaintiffs contend they are entitled to attorneys' fees. Notwithstanding this apparent contradiction, we find the district court erred in awarding plaintiffs attorneys' fees.
In Louisiana, the prevailing party may not recover attorneys' fees except where authorized by contract or statute. St. Blanc v. Stabile , 12-677 (La. App. 5 Cir. 4/24/13), 114 So.3d 1158, 1159, writ denied , 13-1185 (La. 8/30/13), 120 So.3d 270. Attorneys' fees are recoverable under La. R.S. 23:632 if the party seeking the attorneys' fees proves employee status. See Hulbert , supra. Plaintiffs failed to prove their employee status and are therefore not entitled to attorneys' fees under La. R.S. 23:632. Absent any other applicable statutory or contractual authorization for attorneys' fees in this case, we find the district court erred in awarding plaintiffs attorneys' fees. We therefore amend in part the district court's January 23, 2017 *636 judgment to delete the award of attorneys' fees and affirm that judgment as amended.
DECREE
For the foregoing reasons, the district court's judgment of April 28, 2016 is affirmed. The district court's judgment of January 23, 2017 is amended in part to delete the award of attorneys' fees and that judgment is affirmed as amended.
AMENDED IN PART; AFFIRMED AS AMENDED

Ms. Maronge, who speaks very little Spanish, utilized a Google translation app to communicate with plaintiffs, who speak very little English.