JOHNSON, J.
Plaintiffs/Appellants, All American Healthcare, L.L.C. and Nelson J. Curtis, III, D.C. (hereinafter collectively referred to as "All American"), appeal the granting of a partial summary judgment in favor of Defendant/Appellee, Benjamin Dichiara, D.C., and dismissal of their claims for breach of the employee non-solicitation agreement with prejudice from the 24th Judicial District Court, Division "A". For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The following facts are pertinent to this appeal.
According to the pleadings, Dr. Benjamin Dichiara began working for All American as a licensed chiropractor in August of 2009. Dr. Curtis was the sole member of All American and used the limited liability company for payroll purposes. Dr. Dichiara began his employment working in All American's Covington office, and subsequently operated the company's New Orleans location. On October 14, 2009, Dr. Dichiara entered into a "Professional Employment Agreement" (hereinafter referred to as the "2009 Employment Agreement") with All American Medical and Chiropractic, LLC, through its duly authorized representative, Dr. Curtis. The 2009 Employment Agreement contained various provisions pertaining to Dr. Dichiara's employment and termination, specifically, defining the terms of employment, a non-compete clause, and a non-interference clause. According to the 2009 Employment Agreement, the agreement was binding between the parties for two years from the date of execution.
On January 15, 2014, Dr. Dichiara signed a document entitled "NON-COMPETITION AND NON-INTERFERENCE AGREEMENT FOR ALL AMERICAN MEDICAL & CHIROPRACTIC" (hereinafter referred to as the "2014 Employment Agreement"). The 2014 Employment Agreement referred to the parties to the agreement as the practice, Dr. Curtis, and the professional, Dr. Dichiara. The two-page 2014 Employment Agreement stated, in pertinent part:
*925 a. Noncompete: For the duration of the Term and for 24 months thereafter, the Professional will not become employed by, or own or control any interest in, or act as an officer, director, consultant or adviser, to any person, firm, partnership, company, or corporation carrying on or engaged in a business in Tangipahoa Parish, St. Tammy Parish, Livingston Parish, Jefferson Parish, Orleans Parish, Washington Parish, and St. Bernard Parish similar to that of The Practice.
b. Solicitation of Employees: For the duration of the Term and for 24 months thereafter, the Professional hereby agrees not to employ, either directly or through an Affiliate, any current employee of The Practice or its Affiliates or any individual who was an employee of The Practice or its Affiliates at any time during Term, and agrees not to solicit, or contact in any manner that could reasonably be construed as a solicitation, either directly or through an Affiliate, any employee of The Practice or its Affiliates for the purpose of encouraging such employee to leave or terminate his employment with The Practice or its Affiliates.
* * *
d. Interference: For the duration of the Term and for 24 months thereafter, the Professional hereby agrees not to interfere with The Practice's relationship with any person who at the relevant time is an employee, contractor, supplier, or customer of The Practice or its Affiliates.
Dr. Dichiara resigned his employment with All American Medical and Chiropractic, LLC on February 2, 2015. In March of 2015, Dr. Dichiara opened his own chiropractic clinic, Allied Chiropractic and Wellness, in Metairie, Louisiana. Dr. Dichiara hired Lauren Ammerman, a former employee of the All American New Orleans location, as a member of his personnel in June 2015.
On April 11, 2016, All American filed a Petition for Permanent Injunction and Damages, and Motion for Temporary Restraining Order and Preliminary Injunction against Dr. Dichiara. In the petition, All American alleged Dr. Dichiara violated the non-compete clause in the 2009 Employment Agreement and 2014 Employment Agreement, and as a result, it lost revenue and business opportunities. All American also alleged that Dr. Dichiara encouraged Ms. Ammerman to leave her employment with the company after Dr. Dichiara resigned, in violation of the non-solicitation of employees provision. The petition sought injunctive relief through a temporary restraining order, a preliminary injunction, and a permanent injunction for Dr. Dichiara's alleged failure to abide by a valid non-compete agreement. In addition to his Answer filed on June 7, 2016, Dr. Dichiara filed a reconventional demand for wages and other sums due on July 14, 2016, alleging he was owed an annual bonus and accrued vacation benefits from All American.
The following year, on November 8, 2017, Dr. Dichiara filed a motion for partial summary judgment. In his motion, Dr. Dichiara argued that the non-compete clause at issue was fatally vague, ambiguous, and unenforceable because the meaning of the word "Term" was not defined in the 2014 Employment Agreement, and there was no definition of the type of business for which he was prohibited from competing. Dr. Dichiara further argued that the non-compete and non-solicitation clauses in the 2014 Employment Agreement failed to specify the geographical area where the prohibitions were to apply, *926 which made the clauses unenforceable. In its opposition to the motion for partial summary judgment, All American argued that, according to the agreements, Dr. Dichiara was prohibited from employing any current employee of All American during the term of employment.
The hearing on Dr. Dichiara's motion for partial summary judgment was held on January 31, 2018, and the matter was taken under advisement. On February 22, 2018, the trial court granted Dr. Dichiara's motion and dismissed all of All American's claims against him with prejudice. In its Reasons for Judgment, the trial court found that the non-compete and non-solicitation clauses of the 2014 Employment Agreement were vague and unenforceable because it failed to define "Term," "Affiliates," or "The Practice." It also found there was no evidence presented that: Dr. Curtis or All American Healthcare, L.L.C. operated any office or employed any persons; Dr. Dichiara's 2014 Employment Agreement was with All American; and, Ms. Ammerman was employed with All American or the parish in which she was employed. The trial court further found that the failure of the 2014 Employment Agreement to define "Term" was contrary to public policy.
On March 6, 2018, All American filed a motion for new trial on the basis that the judgment was contrary to the law and evidence, and there was new evidence-a recording of a conversation between Dr. Dichiara and Dr. Curtis-that All American could not produce in the summary judgment process. All American's motion was denied on May 9, 2018. The partial summary judgment was subsequently designated as a final judgment pursuant to La. C.C.P. art. 1915(B)(1). The instant appeal followed.
ASSIGNMENTS OF ERROR[1]
On appeal, Plaintiffs allege the trial court erred in: 1) holding that the 2014 Employment Agreement is vague to the extent that it was invalid and unenforceable; 2) finding that the lack of a specific definition for "Term" meant that the employee non-solicitation provision failed to provide a specific duration of time; and 3) applying La. R.S. 23:921 to a contractual provision that limits former employees from employing other former employees.
LAW AND ANALYSIS
General Summary Judgment Law
According to La. C.C.P. art. 966(3), "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact, and is favored and designed to secure the just, speedy, and inexpensive determination of every action. Populis v. State Dep't of Transportation & Dev ., 16-655 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 979, writ denied , 17-1106 (La. 10/16/17), 228 So.3d 753, quoting Pouncy v. Winn-Dixie La., Inc. , 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605. A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of a lawsuit. Id. at 980. An issue is genuine if it is such that reasonable *927 persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate, as there is no need for a trial on that issue. Id.
The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(4). The initial burden is on the mover to show that no genuine issue of material fact exists. Pouncy , supra . If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. The adverse party must then produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. Id. If the adverse party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Id. Appellate courts review summary judgments de novo , using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Lincoln v. Acadian Plumbing & Drain, LLC , 17-684 (La. App. 5 Cir. 5/16/18), 247 So.3d 205, 209, writ denied , 18-1074 (La. 10/15/18), 253 So.3d 1302.
Interpretation and Enforceability of the 2014 Employment Agreement
All American alleges the trial court erred in granting partial summary judgment because it failed to interpret the employee non-solicitation provision under general contract principles. It argues that the 2009 Employment Agreement and the 2014 Employment Agreement contain identical language to limit Dr. Dichiara's hiring of its employees; and while the agreements do not specifically define the words "Term," "Affiliate," or "The Practice," the absence of those definitions does not render the words meaningless. All American contends that the trial court's interpretation of the employee non-solicitation provision should have been based upon the parties' intentions and surrounding circumstances, if the trial court found the terms to be ambiguous.
When considering the intent of the parties, All American claims the 2009 Employment Agreement provides the general definitions of the undefined expressions in the 2014 Employment Agreement, and it is unambiguous that the parties understood the meanings of those words and intended to use them the same way they were defined in the 2009 Employment Agreement. Specifically, All American asserts that the 2009 Employment Agreement discussed "Initial Term," "Subsequent Term," and "Dangling Term," and nature of the contracts intended to set conditions and agreements between the parties while the employment existed and thereafter. It contends that "Term" naturally meant the time during the employment, and such an interpretation would give a determinable and reasonable end to the employee non-solicitation provision-24 months after Dr. Dichiara's employment was terminated. Because Dr. Dichiara hired Ms. Ammerman within 24 months of the termination of his employment, All American claims Dr. Dichiara violated the employee non-solicitation provision.
In opposition, Dr. Dichiara avers that the words "Term," "Initial Term," and "Subsequent Term" are not defined anywhere in the 2014 Employment Agreement. As such, he maintains that the 2014 Employment Agreement was sloppily drafted with the inclusion of terms from the expired 2009 Employment Agreement and should be interpreted against All American. Dr. Dichiara further avers that *928 All American was required to prove there was a meeting of the minds on the length of employment, and it failed to clearly prove the contractual terms of the 2014 Employment Agreement. Because the 2014 Employment Agreement fails to provide the meanings of important contractual terms, Dr. Dichiara argues the agreement is fatally vague and unenforceable. As such, Dr. Dichiara contends the partial summary judgment should be affirmed.
A contract is formed by the consent of the parties established through offer and acceptance; thus an enforceable contract requires a meeting of the minds. Ocampo v. Maronge , 17-403 (La. App. 5 Cir. 12/27/17), 237 So.3d 627, 634, writ denied , 18-314 (La. 4/16/18), 240 So.3d 920, citing Read v. Willwoods Cmty. , 14-1475 (La. 3/17/15), 165 So.3d 883, 887. The court must find there was a meeting of the minds of the parties to constitute the requirement of consent. Arias v. Albe , 04-26 (La. App. 5 Cir. 5/26/04), 876 So.2d 179, 182. Contracts are interpreted according to the true intent of the parties. La. C.C. art. 2045 ; First Bank & Tr. v. Redman Gaming of Louisiana, Inc. , 13-369 (La. App. 5 Cir. 12/12/13), 131 So.3d 224, 228. When the words of the contract are clear, unambiguous, and lead to no absurd consequence, no further interpretation may be made or consideration of extrinsic evidence be had in search of the parties' intent, and the contract must be enforced as written. Id. , citing La. C.C. art. 2045. When a contract can be construed from the four corners of the instrument, interpretation of the contract presents a question of law that can be decided on summary judgment. Id.
A contract or document is ambiguous when its written terms are susceptible to more than one interpretation, there is uncertainty as to its provision, or the parties' intent cannot be ascertained from the language used. Leftwich v. New Orleans Weddings Magazine , 14-547 (La. App. 5 Cir. 11/25/14), 165 So.3d 916, 921. When the terms of a contract are susceptible to more than one interpretation, there is uncertainty as to its provision, or the parties' intent cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguity or show the intention of the parties. First Bank & Tr. , supra . In this posture, determining the intent of the parties becomes, in part, a question of fact, and the granting of summary judgment is appropriate only if there is no genuine issue as to the material fact. Id.
Here, the pertinent contract before us is the 2014 Employment Agreement, because two years had lapsed since the signing of the 2009 Employment Agreement and it was expired according to the provisions. The 2014 Employment Agreement stated the following concerning the non-solicitation of employees:
Solicitation of Employees: For the duration of the Term and for 24 months thereafter, the Professional hereby agrees not to employ, either directly or through an Affiliate, any current employee of The Practice or its Affiliates or any individual who was an employee of The Practice or its Affiliates at any time during Term, and agrees not to solicit, or contact in any manner that could reasonably be construed as a solicitation, either directly or through an Affiliate, any employee of The Practice or its Affiliates for the purpose of encouraging such employee to leave or terminate his employment with The Practice or its Affiliates.
The 2014 Employment Agreement does not specifically define the words "Term," "Affiliate," or "The Practice," and their exact meanings cannot be ascertained from the four corners of the instrument. As *929 such, the non-solicitation provision may be interpreted in more than one manner. Thus, we find that those terms in the employee non-solicitation provision of the 2014 Employment Agreement are ambiguous. We will now consider parol evidence to determine the intent of the parties regarding those terms.
In support of his motion for partial summary judgment, Dr. Dichiara submitted his own affidavit and selected pages from Dr. Curtis's deposition. Dr. Dichiara's affidavit attested that he never agreed to extend the term in his 2009 Employment Agreement and attested to the circumstances involving the signing of the 2014 Employment Agreement. Dr. Curtis's deposition discussed the locations of All American's offices and the fact that Dr. Curtis drafted the 2014 Employment Agreement. Neither of the documents submitted by Dr. Dichiara provide any indication of the intent of the parties on the meanings of the terms at issue.
To support its opposition to the motion for partial summary judgment, All American submitted selected pages from Dr. Dichiara's deposition and the 2014 Employment Agreement. It has already been established that the 2014 Employment Agreement does not set forth the definitions of "Term," "Affiliate," or "The Practice." Additionally, the 2014 Employment Agreement does not reference the 2009 Employment Agreement or its terminology in any manner. A reading of the selected pages of Dr. Dichiara's deposition similarly does not provide any indication as to the meanings of the terms at issue. The deposition mainly discusses Dr. Dichiara's duties while working for All American, the opening of Allied Chiropractic and Wellness, and the hiring of Ms. Ammerman.
Because All American would have the burden of proving the terms of the contract at trial, it was All American's burden on the motion for partial summary judgment to either put forth evidence that would prove the meanings of the terms of the contract or prove there is a genuine issue of material fact as to the meanings of those terms, specifically the meaning of "Term."[2] All American failed to present any evidence that there was a meeting of the minds with Dr. Dichiara on the meanings of "Term," "Affiliate," or "The Practice." Thus, All American failed to prove that Dr. Dichiara consented to the employee non-solicitation provision.
Therefore, after de novo review, we conclude that All American failed to establish that it will be able to satisfy its evidentiary burden of proving the there was a meeting of the minds on the terms of the employee non-solicitation provision. Accordingly, we find that Dr. Dichiara is entitled to partial summary judgment, as a matter of law, because the employee non-solicitation provision of the 2014 Employment Agreement is ambiguous and unenforceable.
Application of La. R.S. 23:921
Because we conducted a de novo review in this matter and found that the employee non-solicitation provision of the 2014 Employment Agreement is ambiguous, thus unenforceable, we pretermit discussion of *930 the trial court's application of La. R.S. 23:921.
DECREE
For the foregoing reasons, we affirm the trial court's partial summary judgment in favor of Defendant/Appellee, Benjamin Dichiara, D.C., and the dismissal with prejudice of all of the claims of Plaintiffs/Appellants, All American Healthcare, L.L.C. and Nelson J. Curtis, III, D.C. All American Healthcare, L.L.C. and Nelson J. Curtis, III, D.C. are assessed the costs of this appeal.
AFFIRMED

Assignments of Error Numbers One and Two will be jointly discussed because they are interrelated.

We particularly note the lack of the temporal element in the employee non-solicitation provision. All American argues that Dr. Dichiara either judicially admitted to the terms "Affiliate" and "The Practice" or failed to argue their ambiguity. Even if it were proven there was a meeting of the minds on the terms "Affiliate" and "The Practice," the unspecified duration of the time that Dr. Dichiara would be prohibited from hiring All American's employees would still be crucial for All American's partial summary judgment opposition because All American primarily claims that Dr. Dichiara hired Ms. Ammerman within 24 months after his employment was terminated.