HANS J. LILJEBERG, Judge.
| ¡¡Plaintiff, Shirley Trench, appeals a summary judgment granted in favor of defendant, Winn-Dixie Montgomery, L.L.C. (“Winn-Dixie”), dismissing plaintiffs claims against it. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

On April 23, 2011, Shirley Trench was shopping at a Winn-Dixie store in Gramer-cy, Louisiana, when she fell while walking in the area of the meat department. On June 13, 2011, Ms. Trench filed suit against Winn-Dixie, claiming that the floor was slippery, causing her to fall and sustain injuries to her lower back, neck, knees and right arm. In her petition, Ms. Trench contends that Winn-Dixie is liable for the damages she sustained, because it allowed a “greasy/wet/slippery condition” to exist on its premises which created an unreasonable risk of harm and caused her damages. In response to Ms. Trench’s petition for damages, Winn-Dixie filed an answer, generally denying Ms. Trench’s allegations and asserting that the fall and resulting damages were caused by Ms. Trench’s own negligence.
IsOn July 10, 2013, Winn-Dixie filed a motion for summary judgment, asserting that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Winn-Dixie claims that Ms. Trench cannot carry her burden of proof, as there is no evidence that an unreasonably dangerous condition existed on the Winn-Dixie premises or that Winn-Dixie had notice of any alleged defective condition prior to the incident in question. In support of its motion for summary judgment, Winn-Dixie submitted several exhibits, including the depositions of Shirley Trench and a witness, Lloyd Bartley, affidavits from two Winn-Dixie employees, Theo St. Amant and John David Anders, a surveillance video of the incident, and photographs from the surveillance video.
In Ms. Trench’s deposition, she testified that it was slippery in the area where she fell, but she does not know why it was slippery. She stated that one of the managers said the floor had just been waxed and they had put too much wax on the floor. Ms. Trench testified that she did not know how long the floor had been slippery or whether or not any other customers had problems walking in that area.
In Lloyd Bartley’s deposition, he testified that he and his wife were acquaintances of Ms. Trench and they were shopping at Winn-Dixie when the incident occurred. He stated that he saw Ms. Trench fall “out of the corner of [his] eye,” but he did not see how she fell and could not describe how she fell. Mr. Bartley testified that the floor was shiny and slippery with a “sparkling, clean, waxed, military-like floors, glare,” but he and his wife had no problems walking on it. He further stated that he heard a Winn-Dixie employee or manager at the scene say that he did not see anything that Ms. Trench could have slipped on. Mr. Bartley testified that he did not hear *474 the employee say that there was too much wax on the floor, but the employee said that they wax or buff the floor every night, |4which could have caused the fall. Mr. Bartley noted that there was a skid mark on the floor where Ms. Trench fell.
In Theo" St. Amant’s affidavit, he stated that he was the manager at Winn-Dixie on the night of the incident. He inspected the area where Ms. Trench fell and saw absolutely nothing on the floor, including no water, wax, or any other foreign substance. Mr. St. Amant further stated that he never told Ms. Trench or anyone else that she may have slipped because the floor had been recently waxed and too much wax could have been used.
In John David Anders’ affidavit, he stated that he was a stock clerk at Winn-Dixie on the night of the incident. Mr. Anders inspected the area where Ms. Trench fell and saw nothing on the floor that could have caused her to fall.
In its motion for summary judgment, Winn-Dixie argued that there is a lack of factual support for Ms. Trench’s claims, because Ms. Trench admitted in her deposition that she does not know what caused her to fall, and there is no evidence that any unreasonably dangerous condition existed. Winn-Dixie further asserted that Ms. Trench’s argument that she may have fallen due to excess wax on the floor is not factual support for her claims; rather, it is mere speculation. Winn-Dixie also noted that the surveillance video does not show that any other customer had a problem traversing the area where Ms. Trench fell either before or after this incident.
Ms. Trench filed a memorandum in opposition to Winn-Dixie’s motion for summary, asserting that there are genuine issues of material fact as to whether or not the floor at Winn-Dixie was slick and dangerous due to excess wax and created an unreasonable risk of harm. Along with her opposition memorandum, Ms. Trench submitted the portion of her deposition in which she testified that the manager of Winn-Dixie told her that the floor had just been waxed and that too |fimuch wax had been used. She also submitted pages from Mr. Bartley’s deposition in which he noted that there was a skid mark where Ms. Trench fell, that a Winn-Dixie employee said the floor was waxed or buffed every night, and the wax could have caused the fall. Finally, Ms. Trench noted that the photographs of the aisle where she fell show a floor that is highly reflective of the ceiling lights, and she suggests that this is indicative of a high level of wax on the floor that would cause a slippery surface.
On November 4, 2013, Winn-Dixie’s motion for summary judgment came before the trial court for hearing. At the conclusion of the hearing, the trial 'court took the matter under advisement and indicated that it would review the video of the incident and consider the deposition testimony submitted. Thereafter, on November 21, 2018, the trial court rendered a judgment in favor of Winn-Dixie, granting its motion for summary judgment and dismissing Ms. Trench’s claims against it. The trial court issued written reasons for judgment on January 13, 2014, finding that there was “simply no competent evidence of an unreasonably dangerous condition.” Ms. Trench appeals the summary judgment granted in favor of Winn-Dixie.

LAW AND DISCUSSION

Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Prince v. K-Mart Corp., 01-1151, p. 7 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248; Duncan v. U.S.A.A. Ins. Co., 06-363, p. 3 (La.11/29/06), 950 So.2d 544, 547. A motion for summary judgment should be *475 granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that | amover is entitled to judgment as a matter of law.” La. ’C.C.P. art. 966(B)(2). The summary judgment procedure is favored, and shall be construed to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Nuccio v. Robert, 99-1327, p. 6 (La.App. 5 Cir. 4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544.
The party moving for summary judgment bears the burden of proof. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the movant’s burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Id.; Patrick v. Iberia Bank, 05-783, pp. 3-4 (La.App. 5 Cir. 3/14/06), 926 So.2d 632, 634. Thereafter, if the adverse party fails to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden at trial, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(C)(2).
appeal, Ms. Trench asserts that the trial court erred by concluding that there was no competent evidence of an unreasonably dangerous condition. She contends that Winn-Dixie’s motion for summary judgment should not have been granted, because there are genuine issues of material fact as to whether Winn-Dix-Winn-Dix-floor was slippery due to wax buildup, thereby creating an unreasonable and foreseeable risk of harm, and whether Winn-Dixie failed to exercise reasonable care to warn customers of the dangerous condition.
In a slip and fall case against a mer-merthe plaintiff bears the initial burden of proving each element of her cause of action under La. R.S. 9:2800.6(B). Flow-Flowv. Wal-Mart Stores, Inc., 12-140, p. 5 (La.App. 5 Cir. 7/31/12), 99 So.3d |7696, 699; White v. Wal-Mart Stores, Inc., 97-97-(La.9/9/97), 699 So.2d 1081,1082.
La. R.S. 9:2800.6 provides, in relevant part, as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety *476 procedure is insufficient, alone, to prove failure to exercise reasonable care.
Because a plaintiff must prove each of these elements, the failure to prove any element is fatal to the claimant’s cause of action. White, supra at 1086.
Merchants are required to exercise reasonable care to protect those who enter the establishment, to keep the premises safe from unreasonable risks of harm, and to warn persons of known dangers. Richardson v. Louisianar-1 Gaming, 10-262, p 4 (La.App. 5 Cir. 12/14/10), 55 So.3d 893, 895. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Id. at 4, 55 So.3d at 895-896. A store owner is not liable every time an accident happens. Id.; Harrison v. Horseshoe Entertainment, 36,294, p. 8 (La.App. 2 Cir. 8/14/02), 823 So.2d 1124, 1128-1129.
|sIn the present case, Winn-Dixie submitted the deposition of Ms. Trench, in which she testified that it was slippery in the area where she fell, but she admitted that she does not know why it was slippery or what caused her to fall. Although she claims that a manager said the floor had just been waxed and they had put too much wax on the floor, it is undisputed that no one saw anything on the floor that could have caused Ms. Trench to slip and fall, including any excess wax or wax buildup. We note that the surveillance video of the incident shows that the floor was shiny, but it does not show that the condition of the floor presented an unreasonable risk of harm or that any other customer had a problem walking on the floor before or after the incident.
It is well-settled that a plaintiff opposing summary judgment cannot rest on the mere allegations of her pleadings, but must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B); Darr v. Marine Electronics Solutions, Inc., 11-908, p. 9 (La.App: 5 Cir. 5/22/12), 96 So.3d 527, 533, writ denied, 12-1442 (La.10/8/12), 98 So.3d 860; Peralta v. Perazzo, 06-343, p. 6 (La.App. 5 Cir. 10/31/06), 942 So.2d 64, 68, writ denied, 06-3028 (La.2/16/07), 949 So.2d 415. Mere conclusory allegations and unsupported speculation will not support the finding of a genuine issue of material fact; such allegations and speculation are insufficient to satisfy the opponent’s burden of proof. Sears v. Home Depot, USA, Inc., 06-201, p. 12 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, writ denied, 06-2747 (La.1/26/07), 948 So.2d 168.
In the present case, based on our de novo review of the motion for summary judgment and supporting exhibits, we find that Winn-Dixie met its initial burden of proof by pointing out an absence of factual support for Ms. Trench’s claim that the condition of the floor at Winn-Dixie created an unreasonable and foreseeable risk of harm. Winn-Dixie noted that none of the witnesses saw any wax buildup on the |9floor or any other substance that could have caused Ms. Trench to fall. The burden then shifted to Ms. Trench to provide sufficient evidence to show that she would be able to satisfy her burden of proof at trial pursuant to La. R.S. 9:2800.6.
In opposition to Winn-Dixie’s motion for summary judgment, Ms. Trench failed to provide any factual support for her claim that the condition of the floor presented an unreasonable and foreseeable risk of harm. Rather, she merely speculated that she slipped due to wax on the floor. Ms. Trench admitted that she did not know what she fell on. She claims that the manager of Winn-Dixie said there was too much wax on the floor, which he denies. *477 Regardless, even if the manager stated that the floor had just been waxed and speculated that wax could have caused her fall, there is no evidence that anyone actually saw any wax buildup or any other foreign substance was on the floor. Ms. Trench’s factually unsupported and speculative allegation of too much wax on the floor is insufficient to defeat summary judgment.
Based on our de novo review of the motion for summary judgment, opposition, exhibits, and the applicable law, we agree with the trial court that Winn-Dixie is entitled to summary judgment.

DECREE

For the foregoing reasons, we affirm the summary judgment granted in favor of Winn-Dixie, dismissing plaintiffs claims against it.

AFFIRMED.