DOMINIC VARRECCHIO

VERSUS

THE LEMOINE COMPANY, L.L.C., ET. AL.

NO. 23-C-603

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 825-990, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING

January 31, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, Jude G. Gravois, Marc E. Johnson, and Stephen J. Windhorst

**WRIT DENIED**
  **SMC**
  **JGG**
  **SJW**

**DISSENTS WITH REASONS**
  **MEJ**
**DISSENTS WITH REASONS**
  **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
LOUISIANA-1 GAMING, A LOUISIANA PARTNERSHIP-IN-COMMENDAM
    D. Russell Holwadel
    Kyle M. Truxillo

COUNSEL FOR PLAINTIFF/RESPONDENT,
DOMINIC VARRECCHIO
    Leo J. Palazzo
    Jason J. Markey
    Mario A. Arteaga, Jr.
    Davin R. Savoy

**CHEHARDY, C.J.**

In this writ application, relator, Louisiana-1 Gaming, a Louisiana Partnership-in-Commendam ("Boomtown") seeks review of the trial court's December 29, 2023 written judgment denying its motion for summary judgment on liability, its motion for partial summary judgment on plaintiff's spoliation claim, and its motion *in limine* to strike any testimony of plaintiff's expert, Mitchell A. Wood. Finding no error in the trial court's judgment, we deny the writ.

On March 18, 2021, plaintiff, Dominic Varrecchio, tripped and fell in the lobby of the Boomtown Casino and Hotel as he approached the front desk to check into his room. According to Varrecchio, a "depression or 'wearing' of the carpet underpadding" caused the sole of his shoe to become "lodged underneath the metal transition strip." He then fell forward onto the uncarpeted "hard lobby floor," sustaining various injuries, as well as aggravating previous injuries.

Varrecchio filed a petition for damages against Boomtown and others on March 11, 2022, alleging that a dangerously defective "metal frame at the edge of the carpeted portion of the hotel lobby" created a "tripping hazard" and presented an unreasonable risk of harm to patrons, which was the direct cause of his fall and resulting injuries. Varrecchio also alleged a spoliation of evidence claim.[1]

In November 2023, Boomtown filed a motion for summary judgment on the issue of liability on the basis that Varrecchio cannot prove the existence of an unreasonably dangerous condition. Specifically, Boomtown asserted that the change in elevation at the site of Varrechhio's trip and fall was negligible, and that the "transition strip area was open and obvious to anyone approaching, due to visibly apparent differentiation in color and composition." Boomtown also noted

---

[1] Varrecchio later filed a first amending and supplemental petition on July 13, 2022, wherein he added a defendant, and voluntarily dismissed another defendant.

that Varrecchio's accident was the first and only reported incident which involved walking across the front lobby floor from the time the hotel was built in 2015, until the flooring was replaced as part of a hotel remodel in late 2022.

Boomtown also filed a motion for partial summary judgment seeking dismissal of Varrecchio's spoliation claim on the basis that Varrecchio cannot meet his burden of proving an "intentional" spoliation claim. Boomtown asserted that the subject surveillance footage was preserved per its usual operating procedures, but was lost when Boomtown's storage server crashed within days of Varrecchio's accident, through no fault of its own. Boomtown also asserted that Varrecchio knew well in advance that it was removing the flooring where he fell as part of a remodel, yet Varrecchio never requested that Boomtown preserve the flooring or the metal transition strip between the carpet and tiled floor areas.

Additionally, Boomtown file a motion *in limine* to exclude Varrecchio's expert, Mitchell A. Wood, who is designated on Varrecchio's supplemental witness list as a "rebuttal expert." Boomtown avers that, despite its interrogatories propounded upon Varrecchio requesting disclosure of experts, the facts or underlying reasoning upon which their expert opinions are based, and any reports prepared by such experts, Varrecchio has failed to identify Wood in discovery responses or disclose any expert report prepared by Wood.

Boomtown's motions came for hearing on December 7, 2023. At the close of the hearing, the trial court (1) denied Boomtown's motion for summary judgment on liability; (2) denied Boomtown's motion for partial summary judgment and deferred the issue of spoliation to the trial of the merits; and (3) denied Boomtown's motion *in limine* to exclude expert Mitchell A. Wood.[2] A

---

[2]     Before the trial court at the hearing were also Varrecchio's motion to strike Boomtown's memorandum in support of summary judgment and attached exhibits, Varrecchio's motion to strike Boomtown's supplemental memorandum in support of its motion for summary judgment, and Varrecchio's motion *in limine*. As to Varrecchio's motions to strike, these were both denied as moot. The trial court deferred ruling on Varrecchio's motion *in limine*. Boomtown's writ application does not seek review of the trial court's rulings on these motions.

written judgment to this effect was signed by the trial court on December 29, 2023. Boomtown seeks this Court's supervisory review of the trial court's rulings.

### *Motion for Summary Judgment on Liability*

In his first assignment of error, Boomtown avers the trial court erred in finding that there are issues of fact precluding summary judgment on the issue of liability because the uncontroverted evidence proved there was no unreasonable risk of harm and/or actual or constructive notice, and that Varrecchio did not submit any positive evidence to create a genuine issue of material fact. We disagree.

Appellate courts review the granting of a summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate. *Dragna v. Terrytown Cafe, Inc.*, 22-239 (La. App. 5 Cir. 10/5/22, 6–7); 353 So.3d 203, 208; *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544, 547. A motion for summary judgment should be granted "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); *Dragna*, *supra*, *citing Trench v. Winn-Dixie Montgomery LLC*, 14-152 (La. App. 5 Cir. 9/24/14), 150 So.3d 472, 475. However, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubts must be resolved in the opponent's favor. *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (*per curiam*).

Upon *de novo* review of Boomtown's writ application, and after considering the motion to strike evidence filed by Varrecchio in this Court, we find that Varrecchio raises meritorious objections as to whether the "uncontroverted"

evidence upon which Boomtown relies to support its motion for summary judgment was admissible and, thus, reviewable by this Court. It appears that some of the exhibits that Boomtown attached to the copy of the motion for summary judgment included in the writ application are not the same exhibits that were actually attached to the motion for summary judgment filed by Boomtown in the trial court. Although Boomtown filed a supplemental memorandum in the trial court prior to the hearing on the motion for summary judgment with the "new exhibits" attached, the supplemental memorandum was filed in response to Varrecchio's opposition and objections to Boomtown's motion for summary judgment and motion for partial summary judgment. The law is clear that the trial court—and the appellate court on *de novo* review—can only consider exhibits attached to the motion for summary judgment and the opposition to the motion for summary judgment that were not previously filed into the record of the cause, and not any additional exhibits attached to the reply to the opposition. La. C.C.P. art. 966(D)(2); La. C.C.P. art. 966(B)(3); La. C.C.P. art. 966(B)(3); La. C.C.P art. 966 (A)(4)(b). *See also Jones v. Baton Rouge General Medical Center-Bluebonnet*, 20-1250 (La. App. 1 Cir. 6/4/21), 327 So.3d 512, 516-17. Accordingly, upon our *de novo* review, we are not allowed to consider the "new exhibits."

Additionally, after reviewing Boomtown's application in light of Varrecchio's motion to strike evidence, we find that Boomtown has not been as forthcoming with this Court as it should have been regarding Varrecchio's objections to the "new exhibits" upon which it relies to support its motion for summary judgment and, apparently, wants this Court to consider the "new exhibits" in our *de novo* review. We also find that Boomtown failed to be forthcoming with this Court regarding what actually happened in the trial court with respect to the exhibits it attached to its motion for summary judgment.

In light of these considerations, and without these questionable exhibits, we cannot say with certainty that Boomtown has shown that no outstanding issues of material fact remain and that it is entitled to summary judgment as a matter of law. In particular, we cannot say that no genuine issues of material fact remain as to how Varrecchio's trip and fall actually occurred. The jury may believe Varrecchio's version of the events of his trip and fall and the alleged unreasonably dangerous condition of the flooring at issue at the time of his fall, as opposed to Boomtown's expert testimony as to the nature and extent of the condition of the flooring in the area where the trip and fall occurred based on an examination of that area conducted more than one year after the accident happened. If reasonable persons could disagree after considering the evidence, a genuine issue exists. *B & P Restaurant Group, LLC v. Delta Administrative Services, LLC*, 18-442 (La. App. 5 Cir. 9/4/19), 279 So.3d 492, 501, *writ denied*, 19-01755 (La. 1/14/20), 291 So.3d 685. In determining whether an issue of fact is genuine, as necessary for it to preclude summary judgment, courts cannot consider the merits, *make credibility determinations*, evaluate testimony or weigh evidence. *Id.* Accordingly, in light of the foregoing, upon *de novo* review, we deny Boomtown's writ application on the issue of liability at this time on the showing made.

### *Motion for Partial Summary Judgment on Issue of Spoliation of Evidence*

In its second assignment of error, Boomtown avers the trial court abused its discretion in denying its motion for partial summary judgment and deferring the issue of spoliation to the trial on the merits where the record lacks any evidence of intent to deprive Varrecchio of the use of evidence. Specifically, Boomtown asserts that the destroyed video-surveillance of Varrecchio's accident was the result of a server crash, which had never before occurred. Additionally, Boomtown contends that Varrecchio knew that it was going to replace the flooring for aesthetic reasons, and did not request that Boomtown preserve the flooring

where he fell. Although the judgment on Boomtown's motion for partial summary judgment was denied, it also stated that "the issue of spoliation is deferred to trial." Thus, it is clear the trial court intends to revisit this issue at trial. In the event Boomtown should receive an adverse ruling on the issue of spoliation at trial, we find that it has an adequate remedy on appeal.

Also, the theory of spoliation of evidence generally refers to an intentional destruction of evidence for the purpose of depriving opposing parties of its use at trial. *Warren v. HAD Global Insurance Company*, 21-570 (La. App. 5 Cir. 5/16/22), 341 So.3d 1249, 1254, *writs denied*, 22-01002 (La. 11/1/22), 349 So.3d 5 and 22-00938 (La. 11/1/22), 349 So.3d 10. The remedy for spoliation is that the court may either exclude the spoiled evidence or allow the jury to infer that the spoiled evidence was unfavorable to the spoliator's case. *Tomlinson v. Landmark American Ins Co.*, 15-276 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 160. Before either remedy may be applied, the party having control of the evidence must have an obligation to preserve it at the time it was destroyed. The obligation or duty to preserve evidence arises from the foreseeability of the need for the evidence in the future. *Warren*, 341 So.3d at 1254. An essential element of a spoliation claim is the intent of the party alleged to be a spoliator. *Tomlinson*, 192 So.3d at 160.

"A motion for summary judgment is not appropriate for disposition of cases requiring a judicial determination of subjective facts, *e.g.*, motive, *intent*, good faith, and knowledge." [Emphasis added.] *Osborne v. Vulcan Foundry, Inc.*, 95-2766 (La. App. 4 Cir. 5/29/96), 675 So.2d 837, 841. In this case, the spoliation claims will likely turn on whether Boomtown's actions were intentional. In other words, the granting of Boomtown's motion for partial summary judgment could not occur but for a credibility determination to establish a finding that intent was not present. Questions of intent are the type of determination that is not appropriate on a motion for summary judgment. *Id.* Under the factual

circumstances presented by this case, on the showing made, we find no reason to disturb the trial court's ruling on the issue of spoliation at this time.

### *Motion In Limine to Exclude Expert Testimony of Mitchell A. Wood*

Boomtown's third and fourth assignments of error pertain to the trial court's denial of its motion *in limine* to exclude the expert testimony of Mitchell A. Wood, on grounds that he has not disclosed any of his opinions or produced a report as purportedly ordered by the trial court, and did not disclose his expert opinions in response to expert interrogatories served by Boomtown upon Varrecchio. Boomtown also avers the trial court erred by permitting Wood to testify after Boomtown has rested when Wood has never disclosed his opinions, which opinions relate to the issue of liability that Varrecchio should present in his case-in-chief.

The decision to admit or exclude expert testimony is within the sound discretion of the trial court, and its judgment will not be disturbed by an appellate court unless it is clearly erroneous. *Rhodes v. AMKO Fence & Steel Co., LLC*, 21-19 (La. App. 5 Cir. 10/28/21), 329 So.3d 1112, 1125. Here, Varrecchio has indicated in his opposition to Boomtown's motion *in limine* filed in the trial court that he only intends to call Wood "**strictly**" as a rebuttal witness. [Emphasis in original.] Additionally, at the hearing on Boomtown's motions, counsel for Varrecchio reiterated to the court that Wood "is being presented solely for rebuttal purposes," to "perhaps to talk about the methodology" used by Boomtown's expert, Patrick Fisher, in formulating his opinion. There is no requirement that Varrecchio disclose the identity or intended testimony of rebuttal witnesses, including Wood. *See Abadie v. Metropolitan Life Ins. Co.*, 00-352 (La. App. 5 Cir. 4/11/01), 804 So.2d 11, 16-18. Additionally, a review of the hearing transcript suggests that the issue of the nature and extent of Wood's testimony will be addressed during the trial should Varrecchio attempt to call Wood as a witness in

his case-in-chief, which appears to be what Boomtown's motion *in limine* intended to prohibit. Thus, we find that Boomtown has an adequate remedy on appeal in the event of an adverse ruling on this issue at trial. Under the circumstances presented in this matter, on the showing made, we find no error or abuse of the trial court's discretion in denying Boomtown's motion *in limine* as to the witness, Mitchell A. Wood.

For the foregoing reasons, Boomtown's writ application is denied.

**<u>WRIT DENIED</u>**

DOMINIC VARRECCHIO

VERSUS

THE LEMOINE COMPANY, L.L.C., ET. AL.

NO. 23-C-603

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WICKER, J., DISSENTS WITH REASONS**

I have considered the majority's decision to deny the writ application, and I respectfully disagree. After a *de novo* review of this matter, I believe this Court should reverse the trial court's judgment and grant Boomtown's motions for summary judgment on the issues of liability and spoliation of evidence, thereby dismissing plaintiff's case against defendant, Louisiana-1 Gaming, a Louisiana Partnership-in-Commendam ("Boomtown").

La. R.S. 9:2800.6 provides that a merchant owes a duty to persons who use its premises to exercise reasonable care to keep the premises free of any hazardous conditions. *Burns v. Sedgwick Claims Management Services, Inc.*, 14-421 (La. App. 5 Cir. 11/25/14), 165 So.3d 147, 153. Pursuant to La. R.S. 9:2800.6, in order to prove that a merchant is liable for damages sustained as a result of a fall due to a condition that existed on its premises, a plaintiff must prove by a preponderance of the evidence, through either direct or circumstantial evidence: 1) the existence of a condition that presented an unreasonable risk of harm which was reasonably foreseeable; 2) the merchant's actual or constructive notice of the condition; and 3) the merchant's failure to exercise reasonable care. *Williams v. Liberty Mutual Fire Ins. Co.*, 16-996 (La. App. 1 Cir. 3/13/17), 217 So.3d 421, 424, *writ denied*, 17-624 (La. 6/5/17), 219 So.3d 338.

23-C-603                                    1

The mover bears the burden of proof on a motion for summary judgment. La. C.C.P. art. 966(D). However, when the mover will not bear the burden of proof at trial on the issues raised in the motion, it is only required to point out an absence of factual support for one or more elements essential to plaintiff's claim. *Patrick v. Iberia Bank*, 05-783 (La. App. 5 Cir. 3/14/06), 926 So.2d 632, 634. Once the motion for summary judgment has been properly supported, the burden shifts to the plaintiff to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the moving party is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D); *Campbell v. Dolgencorp, L.L.C.*, 19-36 (La. App. 1 Cir. 1/9/20), 294 So.3d 522, 529.

In its motion for summary judgment on liability, Boomtown argued there is an absence of factual support for plaintiff's claims, because he cannot prove the existence of an unreasonable risk of harm in the area of the Boomtown hotel lobby where he fell or that any such condition was reasonably foreseeable. It asserted that there was only a negligible change in elevation, if any, between the carpet and the metal transition strip where plaintiff fell, which did not constitute an unreasonably dangerous condition. Boomtown further asserted that there was a visible and apparent differentiation in color and composition between the carpet, the metal transition strip, and the brown tile, which was noticeable and obvious. It also contended that there have been no other falls at this location since the hotel was built in 2015.

In support of its motion for summary judgment on liability, Boomtown attached the following documents: 1) a New Orleans Flooring invoice; 2) Video and Screen Captures, *in globo*; 3) Boomtown's Daily Security Summary Report from March 18, 2021; 4) Data Log Report from March 19, 2021; 5) Boomtown's Accident Report; 6) Affidavit of Harold McKenzie; 7) Photos; 8) Affidavit of Patrick Fisher, P.E.; 9) Inspection Report of Fisher Engineering and Consulting;

10) Deposition of plaintiff, Dominic Varrecchio; 11) Deposition of Jeannine Richert; and 12) Deposition of Harold McKenzie.

In his opposition memorandum, plaintiff objected to several of Boomtown's exhibits that were filed in support of its motion for summary judgment. He argued that the affidavit of Jeannine Richert should be excluded, because while Boomtown referred to it in its memorandum in support of summary judgment, it was not attached to the motion. However, he did not object to Ms. Richert's deposition. Plaintiff also objected to Harold McKenzie's deposition, because Mr. McKenzie did not sign it and it did not include a court reporter's certificate. However, he did not object to Mr. McKenzie's affidavit. Additionally, plaintiff objected to the video and pertinent screen captures, the New Orleans Flooring invoice, and the Boomtown Daily Security Summary Report on the grounds that they were unsworn, unverified, and not authenticated.

The majority points out that some of the exhibits Boomtown attached to its motion for summary judgment included in the writ application are not the same exhibits that were attached to its motion in the trial court. These exhibits are the affidavit of Ms. Richert and the reporter's certification page for Mr. McKenzie's deposition. I agree that this Court can only consider exhibits that were attached to the motion for summary judgment or opposition filed in the trial court. Therefore, I have not considered Ms. Richert's affidavit, the reporter's certification, or Mr. McKenzie's deposition in my review of the motion for summary judgment.[3] For purposes of my review, I have considered only those exhibits to which there was no objection made and therefore, I have also

---

[3]In his memorandum in opposition to the motion for summary judgment, plaintiff indicated that if the exhibits to which he objected are excluded, the only evidence remaining is the affidavit of Mr. McKenzie and Ms. Richert's deposition. However, there was no objection to the other exhibits listed above, including the affidavit and report of Boomtown's expert, plaintiff's deposition, photographs, a data log report, and Boomtown's accident report.

excluded the video and pertinent screen captures, the New Orleans Flooring invoice, and the Boomtown Daily Security Report from consideration.[4]

In its decision to deny this writ application, the majority provides that it "cannot say with certainty that Boomtown has shown that no outstanding issues of material fact remain." However, in my view, it is not Boomtown's burden to do so. As the mover, Boomtown met its initial burden on a motion for summary judgment of pointing out an absence of factual support for one or more elements of plaintiff's claims. The remaining exhibits submitted in support of Boomtown's motion for summary judgment, to which there was no objection, show an absence of factual support for plaintiff's claims that there was an unreasonable risk of harm in the hotel lobby and, importantly, that any such risk was reasonably foreseeable.

In his deposition, plaintiff agreed that he had visited the Boomtown hotel approximately 18 times in 2020 and 2021, and he had walked in the lobby at least that many times before the accident occurred. He testified that he never saw any defect in the metal strips framing the carpeted areas.

Plaintiff testified that on the date of the incident, he was carrying his bags in the lobby toward the front desk when he crossed a carpeted area, and the carpet or padding underneath depressed just enough to create a height differential that caught the tip of his shoe between the metal strip and the carpet, causing him fall. The photos attached to plaintiff's deposition show that any differential between the metal strip and the carpet was negligible. This evidence is insufficient to show there was a condition that presented an unreasonable risk of harm.

---

[4] Although the majority states that Boomtown was not forthcoming with this Court regarding plaintiff's objections to several exhibits, including those not attached to its motion in the trial court, I strongly disagree. Boomtown's writ application and exhibits consist of 483 pages, including plaintiff's opposition memorandum in which he set forth his objections to the exhibits. Further, the transcript of the motion hearing on November 11, 2023, which was also included with the writ application, reflects plaintiff's objection to the exhibits.

Plaintiff also failed to show that any such condition was reasonably foreseeable. During his deposition, plaintiff was shown photographs of the lobby and could not identify precisely where he fell, but he identified the area within which he fell. He recalled inspecting the area months after the accident and stated that some areas of the carpet depressed more than others, but he did not indicate where those points were located. Plaintiff stated repeatedly in his deposition that during his own inspection, he could find no specific spot at which his foot caused a carpet depression and did not see any evidence of any such depression. He stated that he had a "pretty certain range" of where he fell but did not know the exact spot.

Plaintiff testified that the defect that caused him to fall was not observable, and further provided:

> It happened to be a unique circumstance where the depression in the carpet and where my foot was, met the height differential of the metal frame. It's not something you could observe to the mind's eye, looking across the floor, you can't observe it.

Plaintiff admitted that he did not notice any wearing of the carpet, and the photographs of the area do not show any type or wearing or damage to the carpet. Plaintiff opined that it was more of a "weight pressure differential" that was created by stepping on the carpet, but he did not think that anyone, including a "trained eye," could see the differential or any potential hazard. He stated that it was obvious from the photographs that the hazard was not apparent or visible.

Jeannine Richert, the risk and safety manager at the Boomtown hotel, testified in her deposition that she walked through the area where the accident occurred many times each day and did not see any issues with the flooring, tripping hazards, or any depression difference between the carpet and the metal transition strip.

Boomtown also submitted the affidavit of its surveillance director, Harold McKenzie, in which he stated that he has walked in the area where plaintiff fell multiple times each week since the hotel opened in 2015 and has never encountered any dangerous condition. He further stated that he was not aware of any trip and fall incidents in this area prior to or subsequent to this incident.

In addition, Boomtown attached the affidavit and report of Patrick Fisher, Boomtown's engineering expert. In his report and affidavit, Mr. Fisher indicated that he inspected the entirety of the lobby flooring and there was no condition that would have caused a misstep to a person walking in a prudent manner. He stated that the walking surface was properly constructed and presented no tripping hazards.

Considering the exhibits attached to Boomtown's motion to which there was no objection, it is my opinion that Boomtown carried its initial burden of pointing out an absence of factual support for plaintiff's claims that there was an unreasonable risk of harm or defective condition in the flooring of the hotel lobby, that such a risk was reasonably foreseeable, and that Boomtown had actual or constructive notice of any dangerous or defective condition. Therefore, I believe the burden then shifted to plaintiff to present evidence of a genuine issue of material fact as to either an unreasonable risk of harm or to the foreseeable nature of any such risk.

In opposition to the motion for summary judgment on liability, plaintiff submitted his deposition and that of Ms. Richert, but neither of these exhibits shows that there was an unreasonably dangerous condition, that any such condition was reasonably foreseeable, that Boomtown had actual or constructive notice of such condition, or that there are genuine issues of material fact that preclude summary judgment. To the contrary, I believe that these exhibits

support Boomtown's position. Therefore, I find that plaintiff failed to meet his burden.

Finding that plaintiff failed to meet his burden of showing a genuine issue of material fact, I believe Boomtown is entitled to summary judgment on the issue of liability and dismissal of plaintiff's claims against it.

Because I would grant summary judgment in favor of Boomtown on liability, the motion for partial summary judgment on spoliation need not be addressed. However, I address this issue in an abundance of caution in the event that spoliation of evidence would entitle plaintiff to any adverse presumption that would preclude summary judgment.

Louisiana recognizes a cause of action for intentional spoliation of evidence. *Ritter v. Loraso*, 17-517 (La. App. 4 Cir. 12/22/17), 234 So.3d 1096, 1100, *writ denied*, 18-149 (La. 3/23/18), 239 So. 3d 294. A plaintiff asserting a state law tort claim for spoliation of evidence must allege that the defendant intentionally destroyed evidence for the purpose of depriving an opposing party of its use. *Tregre v. Champagne*, 16-681 (La. App. 5 Cir. 7/30/17), 224 So.3d 1234, 1241, *writs denied*, 17-1463 (La. 11/13/17), 229 So.3d 927, and 17-1470, 17-1477 (La. 11/13/17), 230 So.3d 208. Allegations of negligent conduct are insufficient. *Id.* The tort of spoliation of evidence has its roots in the evidentiary doctrine of "adverse presumption," which allows a jury instruction for the presumption that the destroyed evidence contained information detrimental to the party who destroyed the evidence unless such destruction is adequately explained. *Pham v. Contico Inter. Inc.*, 99-945 (La. App. 5 Cir. 3/22/00), 759 So.2d 880, 882.

In the present case, there is no evidence whatsoever of intentional destruction of evidence. In Harold McKenzie's affidavit, he stated that a "code blue" is an incident with possible injury and that surveillance footage of such incidents is always preserved. He stated that the data report log dated March 19,

2021, reflects that video surveillance of the incident in this case was preserved in response to a code blue that was called in on March 18, 2021. Mr. McKenzie further indicated that on March 23, 2021, Boomtown sustained a server crash due to factors beyond its control, resulting in the loss of over five years of preserved video surveillance, as well as unrelated data connected to Boomtown's business, including gaming compliance data. He stated that Boomtown hired a data recovery firm, but it was unable to recover the lost data.

Likewise, in Ms. Richert's deposition, she testified that plaintiff's fall was considered a "code blue," and when such incidents occur, the responding officer contacts the surveillance department to preserve the video footage. She stated that the video surveillance of code blue incidents is preserved and retained in accordance with Boomtown's own policies and procedures, regardless of whether anyone requests preservation of the video evidence. According to Ms. Richert, video surveillance of this incident was initially preserved after the accident, but was lost just days later due to a server crash. Ms. Richert testified that Boomtown spent a great deal of time and "a fortune" in order to recover the data it lost in the server crash, but recovery efforts were unsuccessful.

With regard to the removal of the carpet and padding, plaintiff argues that Boomtown should have preserved the carpet, padding, and metal strip for further inspection by plaintiff and his expert. However, there is no evidence that plaintiff requested that the flooring materials be preserved for further inspection.

In its motion for partial summary judgment, Boomtown asserted that there is no evidence that Boomtown intentionally failed to preserve the flooring materials in order to deprive plaintiff of its use. It indicated that plaintiff personally inspected the flooring in August of 2022, took photographs, and could have engaged in further investigation in order to prove his claims.

In Ms. Richert's deposition, she testified that Boomtown had wanted to change the flooring in the lobby for quite a while, because they could not keep the carpet clean. She stated that Boomtown gave notice of its intent to change the flooring to "everyone," but postponed the flooring replacement until the inspections for this case were completed. The carpet was then replaced with wood flooring. While plaintiff suggests that the flooring may have been replaced as a result of this accident, the accident occurred on March 18, 2021, and the carpet was not replaced until after the 2022 inspections.

In my opinion, Boomtown pointed out an absence of factual support for both of plaintiff's spoliation of evidence claims, because there is no evidence that Boomtown intentionally destroyed any evidence in this matter in order to deprive plaintiff of its use. The burden then shifted to plaintiff to show there are genuine issues of fact precluding summary judgment. However, the evidence plaintiff submitted with his opposition memorandum, including his deposition and Ms. Richert's deposition, do not show any genuine issue of material fact as to plaintiff's spoliation of evidence claims.

For these reasons, I would grant summary judgment on both the issues of liability and intentional spoliation of evidence, and dismiss plaintiff's case against Boomtown.

DOMINIC VARRECCHIO

VERSUS

THE LEMOINE COMPANY, L.L.C., ET. AL.

NO. 23-C-603

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

## JOHNSON, J., DISSENTS WITH REASONS

I respectfully dissent from the majority disposition denying Relator's writ. Upon *de novo* review, I find that Mr. Varrecchio is unable to meet his burden of proof on the issue of liability.

Pursuant to La. R.S. 9:2800.6, generally, a defendant/storeowner owes a duty to a plaintiff to exercise reasonable care to keep its premises in a reasonably safe condition, free of hazardous conditions. *Jones v. Mkt. Basket Stores, Inc.*, 22-841 (La. 3/17/23), 359 So.3d 452, 462. In addition to proving that the condition presented an unreasonable risk of harm that was reasonably foreseeable, the plaintiff must also prove that the merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence. *Thompson v. Dollar Up LA LLC*, 22-397 (La. App. 5 Cir. 3/29/23), 365 So.3d 149, 153-54, *reh'g denied* (La. App. 5 Cir. 4/13/23), *citing Bryant v. Ray Brandt Dodge, Inc.*, 19-464 (La. App. 5 Cir. 3/17/20), 292 So.3d 190, 196. The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to a plaintiff's cause of action. *Id.*

In November 2023, Mr. Varrecchio filed an Opposition to Defendant's Motion for Summary Judgment, in which he objected to many of Boomtown's exhibits. However, he ceded that there were no issues with Jeannine Richert's deposition or Harold McKenzie's affidavit. The testimony of Richert, Boomtown's safety and risk manager, and McKenzie, the company's

surveillance director, as well as Mr. Varrechio's deposition, supported Boomtown's claims that it had no knowledge of the area in question being unreasonably dangerous, and that no other trip and fall accidents occurred at the site of Mr. Varrechio's accident from the time the hotel opened in 2015 until the flooring was replaced in 2022. Mr. Varrecchio himself had travelled across the lobby, at least sixteen times prior to his fall, without incident. He also referenced, without an objection, the affidavit of Patrick W. Fisher, P.E., Boomtown's expert. Mr. Fisher inspected the accident site more than a year after the accident; he reported that there was no observed wear of the carpet or the underlying padding at the location adjacent to a metal transition strip, or any defect in the metal transition strips. He concluded that "the floor area in question [did] not pose an unreasonable risk of harm because it was neither wide enough or deep enough to create a risk for a person exercising reasonable care."

Mr. Varrecchio has presented no evidence, besides his deposition[1], in support of his claims that the metal transition strip between the carpeted and tiled areas of the hotel's front lobby posed an unreasonably dangerous condition, or that Boomtown had actual or constructive knowledge of, or created, the condition. The opposition does not present genuine issues of material fact regarding the elements Mr. Varrecchio has to prove. Boomtown is not disputing that he tripped, fell, and injured himself. Additionally, Mr. Varrecchio chose not to have his own expert examine the flooring, or to observe Boomtown's expert's inspection. A plaintiff may not satisfy his/her burden on summary judgment by relying on allegations and uncorroborated, self-serving testimony in response to the defendant's properly made and supported motion for summary judgment. *Caminita for & on Behalf of Caminita v. Roman Catholic Church of Archdiocese*

---

[1] Mr. Varrecchio also attached the deposition of Ms. Richert as an exhibit in support of his opposition. However, her deposition does not support his claims regarding the condition of the metal transition strip and flooring.

*of New Orleans*, 20-54 (La. App. 5 Cir. 7/8/20), 299 So.3d 1269, 1272. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Id*., *citing Babin v. Winn-Dixie La., Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37, 40.  Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. *Trench v. Winn-Dixie Montgomery LLC*, 14-152 (La. App. 5 Cir. 9/24/14), 150 So.3d 472, 476. A store owner is not liable every time an accident happens. *Id.*

Accordingly, I would grant Boomtown summary judgment on the issue of liability.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 31, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-C-603

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
D. RUSSELL HOLWADEL (RELATOR)          KYLE M. TRUXILLO (RELATOR)          JASON J. MARKEY (RESPONDENT)
LEO J. PALAZZO (RESPONDENT)            MARIO A. ARTEAGA, JR. (RESPONDENT)

### MAILED
DAVIN R. SAVOY (RESPONDENT)
ATTORNEY AT LAW
732 BEHRMAN HIGHWAY
SUITES F & G
GRETNA, LA 70056